The plaintiff brought action for damages alleged to have been sustained by him through the negligence of the defendant. The complaint contains the allegation that defendant had not brought himself within the provisions of the Workmen's Compensation Act. *Page 152 
The evidence tends to show that the plaintiff was employed by the defendant in the sale of parts from used automobiles on the defendant's premises. The cars were arranged in rows, with a roadway between them. Some of the cars, however, were close together, about four feet apart, and some not more than twelve inches apart.
On the day of the alleged injury two customers wanted a connecting rod out of a '28 Whippet Sedan. While the plaintiff was hunting a "jack" to lift the car body he observed the customers attempting to lift the car up by pulling upon the running board. Thinking that they needed help, plaintiff took hold of the running board with them, and the three of them started to turn the car over so as to get the "pan" and get out the connecting rod. The door flew open on the other side, struck the ground, and became an obstruction against turning the car over. The other persons lifting the car turned it loose, leaving the entire load upon the plaintiff. Plaintiff says he could not step back out of the way because there was a car too close behind him.
There was evidence relating to the injury alleged to have been caused by the car striking the plaintiff on the side, under the above circumstances. The evidence does not disclose that the plaintiff was at the time ordered to do this work in this way by a superior.
The evidence does not show that the alleged injury was the natural and probable consequence of any negligent act or omission of duty attributable to defendant, and the judgment is therefore.
Affirmed.